UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. ALBERT GURLEY, Defendant. | No. 2:11-cr-424-GEB **ORDER DENYING DEFENDANT'S MOTIONS FOR REDUCTION OF SENTENCE** |

On November 5, 2014, pro se Defendant Albert Gurley filed a motion under 18 U.S.C. § 3582(c)(2) for a reduction of his sentence based upon the Sentencing Commission's Amendment 782, which generally revised the Drug Quantity Table in U.S.S.G. § 2D1.1 downward by two levels. (Def.'s Mot., ECF No. 47) On March 23, 2015 Defendant withdrew his motion (ECF No. 48), and then on March 23, 2015 filed another motion to vacate his sentence under Amendment 782 (ECF No. 50).

The government filed an opposition to the motions in which it argues the federal court lacks jurisdiction to consider the motions because "defendant's sentence was not determined by the Sentencing Guidelines, [but rather by] a Rule 11(c)(1)(C) plea agreement . . . " (Gov't Opp'n 3:2-4, ECF No. 57.) The government cites United States v. Austin, 676 F.3d 924, 930 (9th Cir. 2012) in support of its position arguing that "Austin

controls and the defendant's motions must be denied, [because in] Austin, the Ninth Circuit applied the analysis set forth in Justice Sotomayor's controlling concurrence in Freeman v. United States, --- U.S.----, 131 S.Ct. 2685 (2011), in determining the effect of a Rule 11(c)(1)(C) plea agreement on whether a defendant can obtain a sentence reduction based on a subsequent change in the Sentencing Guidelines[;] Sotomayor reasoned that the binding nature of a [11(c)(1)(C)] agreement makes the agreement itself the 'foundation for the term of imprisonment to which the defendant is sentenced.' Freeman, 131 S.Ct. at 2696 (Sotomayor, J., concurring)." (Gov't Opp'n 3:5-10.)

The Government also relies on United States v. Thornton, 574 Fed. App'x. 787 (9th Cir. 2014)(unpublished), in which the Ninth Circuit states where there is no "dispute that [defendant] was sentenced pursuant to a binding plea agreement of the kind described in Federal Rule of Criminal Procedure 11(c)(1)(C) . . . , unless [[defendant's] 11(c)(1)(C) plea agreement was itself 'based on' a United States Sentencing Commission Guidelines range that has subsequently been reduced, the district court lack[s] § 3582(c)(2) jurisdiction to modify his sentence.

The plea agreement is included in the government's opposition. The face of the plea agreement does not expressly use a Guidelines range, and the government agreed in the plea agreement not file "an Information charging the defendant's prior felony drug offense, which would have resulted in a mandatory minimum sentence of ten years in prison. (Plea Agreement, ¶ III(C).)" (Gov't Opp'n 3:5-10.)

Since Defendant "was sentenced based on this compromise stipulation and not on a Guidelines range that has subsequently been reduced, . . . the district court [is] without § 3582(c)(2) jurisdiction to modify [Defendant's] sentence. Thornton, 574 Fed. App'x. at 788. Therefore, Dfendant's motion is denied for lack of jurisdiction.

Dated: October 11, 2016

GARLAND E. BURRELL, JR.
Senior United States District Judge